UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSEPH C. KRIVEN,<br><br>    Plaintiff,<br><br>  vs.<br><br>GORDON & REES LLP; 30 DOES,<br><br>    Defendants. | Case No: C 09-4066 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket 10 |

The parties are presently before the Court on Defendant Gordon & Rees LLP's Motion to Dismiss or, in the Alternative, for a More Definite Statement. No opposition to the motion has been filed by Plaintiff. Having read and considered the papers submitted in connection with this matter, and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. Pursuant to Federal Rule of Civil Procedure 78(b), the Court adjudicates the instant motion without oral argument.

I.   **BACKGROUND**

Plaintiff is a former employee of Defendant, the law firm Gordon & Rees LLP. On September 2, 2009, Plaintiff filed a pro se form complaint under Title VII of the Civil Rights Act of 1964 for gender, age and disability discrimination against Defendant, along with a request to proceed in forma pauperis. The case originally was assigned to a Magistrate Judge of this Court, but was subsequently reassigned to this Court. On January 21, 2010, the Court granted Plaintiff's request to proceed in forma pauperis and ordered service of the Complaint upon Defendant.

On February 25, 2010, Defendant filed a motion to dismiss, which it noticed for hearing on April 20, 2010. Under Local Rule 7-3(a), Plaintiff's opposition to the motion was due by March 30, 2010. To date, however, Plaintiff has not filed any response to the motion. In addition, he has refused Defendant's repeated efforts to meet and confer in the preparation of a Joint Case Management ("CMC") Statement in anticipation of the CMC, which is also scheduled for April 20, 2010.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action where plaintiff has failed to comply with the Federal Rules of Civil Procedure, the Court's local rules or any court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Pursuant to this authority, the Ninth Circuit has held that the failure to file an opposition to a motion to dismiss in contravention of the local rules is grounds for granting the motion. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). In exercising its discretion to dismiss an action for failing to comply with a district court's local rules or orders, the court is "required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The threshold question is whether any court rules or orders were violated. Here, the record confirms that Plaintiff violated Local Rule 7-3 by failing to file any response to the pending motion to dismiss by March 30, 2010. In addition, Plaintiff failed to comply with the Court's Order directing him to meet and confer with Defendant and to submit a joint CMC statement. Given these violations, the Court next turns to the question of whether dismissal is warranted.

The first and second factors both favor dismissal. Plaintiff's repeated failures to comport with Court's filing requirements undermine the Court's ability to expedite the resolution of the action. Such non-compliance inherently delays resolution of the case and insures to the detriment of the public. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.

2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]"); Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to the defendant, is related to the strength of the plaintiff's excuse for the default, if any. See Yourish, 191 F.3d at 991. Here, Plaintiff has offered no "excuse" for his non-compliance, nor is any apparent from the record. Since the filing of the motion to dismiss, the Court has received no submissions from Plaintiff regarding Defendant's motion. Plaintiff simply has failed to provide any reason whatsoever for his failure to comply with the Court's Orders and none is apparent from the record. These facts also weigh strongly in favor of dismissal. See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

The fourth factor favoring disposition of cases on the merits, by definition, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.")

Finally, the Court has considered less drastic alternatives to dismissal. The Court's Standing Orders warn that as a consequence of a party's failure to oppose a motion, the Court would construe such inaction as a consent to the granting of the motion. Though a warning is not required, "a district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262; Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994) ("We conclude that because Brydges was warned of the consequence of his failure to respond to the appellees' summary judgment motion, the district court did not err by deeming his failure to respond a

consent to the motion for summary judgment.").[1]  Weighing the relevant factors, the Court exercises its discretion and grants the Defendant's motion to dismiss.

### III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss is GRANTED.  The instant action is dismissed with prejudice.

2. This Order terminates Docket No. 10.  The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: April 13, 2010

                                         *Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] "[A]n express warning regarding the possibility of dismissal is [not] a prerequisite to a Rule 41(b) dismissal when dismissal follows a noticed motion under Rule 41(b)." In re Eisen, 31 F.3d 1447, 1455 (9th Cir. 1994).

1
2
3   UNITED STATES DISTRICT COURT
    FOR THE
4   NORTHERN DISTRICT OF CALIFORNIA
5
    KRIVAN et al,
6
                Plaintiff,
7
        v.
8
    GORDON & REES LLP et al,
9
                Defendant.
10  _____/

11                                              Case Number: CV09-04066 SBA
12                                              **CERTIFICATE OF SERVICE**
13
14  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.
15
    That on April 13, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.
16
17
18

19  Joseph C. Krivan
    P.O. Box 330452
20  San Francisco, CA 94133-0452

21
22  Dated: April 13, 2010
                                        Richard W. Wieking, Clerk
23
                                                By: LISA R CLARK, Deputy Clerk
24
25
26
27
28

- 5 -